UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS ORTIZ,

    Appellant,

v.                                           Case No: 8:20-cv-2581-CEH

FRANK R. KANE and HOWARD
AVENUE STATION, LLC,

    Appellees.
_____/

## ORDER

This matter comes before the Court upon Appellee Frank R. Kane's Motion to Dismiss [Doc. 10], Appellant Thomas Ortiz's Response [Doc. 14], and Frank R. Kane's Reply 15].[1] In the motion to dismiss, Appellee argues that Appellant has failed to comply with several rules of the Federal Rules of Bankruptcy Procedure, as well as this Court's orders, and this appeal should be dismissed. The Court, having considered the motion and being fully advised in the premises, will grant Appellee Frank R. Kane's Motion to Dismiss.

**I. BACKGROUND**

---

[1] The response was untimely, but in light of Mr. Ortiz's representation that he did not receive the motion by mail and did not receive it until just over two weeks later by email, the Court will consider the arguments raised therein. The Court further notes that Frank R. Kane filed a reply [Doc. 15] without first seeking leave to do so, as required by Middle District of Florida Local Rule 3.01(d). As no objection was filed, the Court considered the reply in ruling on the motion to dismiss.

This appeal was filed on October 26, 2020. [Doc. 1]. Appellant Thomas Ortiz appeals the "Order Granting Motion for Clarification of the Order Denying Thomas Ortiz's Motion for Rehearing or Modification of Order Granting Emergency Motion to Abate Adequate Protection Payments to Frank R. Kane," entered on February 26, 2020 at ECF 1080. *Id.* at p. 1. The notice of appeal indicates that the order is a final order, which became final on September 2020, upon entry of the Order Granting in Part and Denying in Part Motion for Clarification and/or Comfort Order. *Id.* at pp. 1-2.

Appellee Frank R. Kane has moved to dismiss this appeal. [Doc. 10]. He argues that (i) the appeal is untimely as it was filed more than seven months late; (ii) that Appellant has failed to comply with the Court's orders including certifying whether the action should be designated a similar or successive action; (iii) that Appellant has failed to designate the record as required by Rule 8009(a) of the Federal Rules of Bankruptcy Procedure; and (iv) that Appellant has failed to file his initial brief as required by Rule 8018. *Id.* at pp. 1-5.

Appellant Ortiz filed a response addressing each of the arguments presented. [Doc. 14]. First, he contends that pursuant to Rule 8002(b), the time to appeal was extended based on the filing of other motions—including a motion for consideration of the order on appeal and a motion for clarification—and that the appeal is timely because it was filed within fourteen days of an order on the last of his extension motions. *Id.* at pp. 2-9. Next, he contends that dismissal for failure to comply with the Court's orders is not warranted because, among other things, Mr. Kane has not alleged

or cannot prove the required standard of "bad faith, negligence, or indifference" required for doing so. *Id.* at pp. 10-12. Thirdly, he argues that his understanding is that an appeal should not be dismissed for failing to designate the record on appeal and that he has been working on consolidating the multiple appeals with the first-filed case before Judge Jung, because it made sense to do so, then prepare a consolidated appellate record. *Id.* at pp. 12-14. Lastly, he argues that the failure to file the initial brief does not justify dismissal because he never received notice that the record had been transmitted or was available electronically and also because he was taking the necessary steps to have the appeals transferred to Judge Jung and consolidated. *Id.* at pp. 14-15.

In reply, Appellee argues that the proposition that the appeal deadline continues to be extended with each motion is wrong. [Doc. 14 at pp. 2-6]. Appellee further explained that subsequent orders not filed within fourteen days of the order on appeal could not toll the deadline to appeal. *Id.* Appellee also argues that no consolidation of the appeal has been sought by Appellant and that this reasoning does not excuse Appellant's refusal to designate the record, and that Appellant's claim that he never received notice of the transmission of the record shows negligence so as to support dismissal based on the failure to timely file an initial brief. *Id.* at pp. 6-8.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 158(a), the United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. *See In re Williams*, 216 F.3d 1295, 1296 (11th Cir. 2000) (stating same). The district court's

jurisdiction covers "final judgments, orders, and decrees . . . entered in cases and proceedings referred to the bankruptcy judges." *Id.* § 158(a)(1); *Alderwoods Grp., Inc. v. Garcia*, 682 F.3d 958, 964 (11th Cir. 2012) (stating same). "A final decision is generally one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Charter Co.*, 778 F.2d 617, 621 (11th Cir. 1985) (quotations omitted). "[T]he separate dispute being assessed must have been finally resolved and leave nothing more for the bankruptcy court to do." *Id.* Additionally, "with leave of the court," an appeal may lie "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(3).

Assuming that jurisdiction exists, the Federal Rules of Bankruptcy Procedure impose a number of obligations on a party seeking review of the decision of a bankruptcy court. First, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed" except as provided by the Rules. Fed. R. Bankr. P. 8002. The appellant must then file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented, within 14 days after (i) the notice of appeal as of right becomes effective under Rule 8002 or (ii) an order granting leave to appeal is entered. Fed. R. Bankr. P. 8009(a)(1). Next, "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). The Rules further provide that "[i]f an appellant fails to file a brief on time or within an

extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal." Fed. R. Bankr. P. 8018(4).

### III. DISCUSSION

#### a. Jurisdiction

"The federal district courts are courts of limited jurisdiction, 'empowered to hear only those cases ... which have been entrusted to them by a jurisdictional grant authorized by Congress.' " *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005) (quoting *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir.1999)). Pursuant to 28 U.S.C. § 158(a)(1) and (3) the district court's jurisdiction over cases and proceedings referred to the bankruptcy judges extends to "final judgments, orders, and decrees" and the court has discretion in hearing appeals of interlocutory orders. As such, the Court must preliminarily determine whether the order on appeal confers jurisdiction.

The order on appeal is an Order Granting Motion for Clarification of the Order Denying Thomas Ortiz's Motion for Rehearing or Modification of Order Granting Emergency Motion to Abate Adequate Protection Payments to Frank R. Kane. Appellant Ortiz contends that this is a final order. The Court disagrees. The order on appeal clarifies an order granting a motion to abate adequate payments, which is a nonfinal order. *See* In *In re Alchar Hardware*, 730 F.2d 1386, 1388 (11th Cir. 1984) (finding that the bankruptcy court's determination of whether one creditor is adequately protected did not end the bankruptcy proceedings); *In re Regency Woods Apartments, Ltd.*, 686 F.2d 899, 903 (11th Cir. 1982) (dismissing appeal finding that

5

order requiring cash payments to provide adequate protection and other orders were interlocutory). Again, a final decision generally ends the litigation on the merits and leaves nothing for the court to do. *In re Charter Co.*, 778 F.2d at 621. An order clarifying a nonfinal order does not do so and therefore does not fit within the group of orders from which appellate jurisdiction can flow. Additionally, Appellant has not sought leave to appeal this order. Hence, the Court questions whether it has jurisdiction to even consider the order on appeal. [2]

b. Timeliness of Appeal

Assuming, *arguendo*, that the order is appealable, dismissal is required as it was not appealed in a timely fashion. "The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal." *In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000) (quoting *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir.1996)); *In re Ocean Warrior, Inc.*, 835 F.3d 1310, 1318 (11th Cir. 2016) (stating same). "[A] notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a). The bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: (a) within the time prescribed by this rule; or (b) within 21 days after that time, if the party shows excusable neglect. Fed. R. Bankr. P. 8002(d)(1).

---

[2] Because dismissal is warranted on another jurisdictional ground, the Court need not decide this jurisdictional issue.

Appellee argues that the appeal is untimely as it was filed more than seven months late. [Doc. 10 at pp. 1-2]. The order on appeal was docketed February 27, 2020. [Doc. 1 at p. 5]. Appellant contends that the time to appeal was tolled, first by a motion for reconsideration filed on March 2, 2020; then by a motion to modify access procedures filed on April 24, 2020; and then by a motion for clarification and/or comfort order filed on May 27, 2020. [Doc. 14 at pp. 7-9]. He further argues that the appeal was filed within fourteen days of the order granting in part and denying in part his motion for clarification and/or comfort order, which was the last of the tolling motions. *Id.* at p. 9.

Appellant cites to Rule 8002(b)(1) in arguing that the time to appeal was tolled until September 18, 2020, when the Court ruled on the last of his tolling motions. [Doc. 14 at p. 9]. That rule provides:

> **(b) Effect of a motion on the time to appeal**
> **(1) In general**
>
> If a party files in the bankruptcy court any of the following motions and does so within the time allowed by these rules, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> **(A)** to amend or make additional findings under Rule 7052, whether or not granting the motion would alter the judgment;
> **(B)** to alter or amend the judgment under Rule 9023;
> **(C)** for a new trial under Rule 9023; or
> **(D)** for relief under Rule 9024 if the motion is filed within 14 days after the judgment is entered.

7

Fed. R. Bankr. P. 8002(b)(1). A motion filed pursuant to either Rule 7052 or 9023 "shall be filed" no later than 14 days after entry of judgment.[3] Fed. R. Bankr. P. 7052, 9023.

Importantly, "tolling is contingent on a *timely* motion." *In re Alabama Protein Recycling, L.L.C.*, 210 F. App'x 876, 877 n.1 (11th Cir. 2006) (addressing Rule 8015 of the Federal Rules of Bankruptcy Procedures); *Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (generally stating that untimely motions will not toll the time for filing an appeal). Both Rule 7052 and 9023 count the time to appeal from entry of a judgment. Even ignoring the fact that the order on appeal is not in the nature of a judgment, only one of the purported tolling motions was timely filed, the motion for reconsideration. Neither the motion to modify access procedures nor the motion for clarification was filed within fourteen days of the order on appeal as required by Rules 7052 and 9023, to the extent either rule applies. Appellant was required to file an appeal within fourteen days of the order disposing of the motion for reconsideration. The bankruptcy court entered its order on that motion on May 28, 2020 (docketed on May 29, 2020). The notice of appeal filed in October 2020, was more than four months outside the fourteen-day window. The appeal of the Order

---

[3] Rule 9024, titled "Relief From Judgment or Order" states among other things, that "a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one-year limitation prescribed in Rule 60(c) [of the Rules of Civil Procedure]." Fed. R. Bankr. P. 9024. Mr. Ortiz does not contend that he filed a tolling motion under this rule and the Court does not find otherwise.

Granting Motion for Clarification of the Order Denying Thomas Ortiz's Motion for Rehearing or Modification of Order Granting Emergency Motion to Abate Adequate Protection Payments to Frank R. Kane was not timely and the Court is therefore without jurisdiction to hear this appeal.

Accordingly, it is hereby **ORDERED**:

1. Appellee Frank R. Kane's Motion to Dismiss [Doc. 10] is granted. This appeal is dismissed for lack of jurisdiction.

2. The Clerk is directed to terminate all pending motions and to close this case.

**DONE AND ORDERED** in Tampa, Florida on July 30, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any